**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**LARRY OVERCASH,**

|                      |                    |
|----------------------|--------------------|
| **Plaintiff,**       | **No. 07-cv-1097** |
|                      | **(GLS-RFT)**      |
| **v.**               |                    |

**UNITED ABSTRACT GROUP, INC. and**
**AMERICAN CREDIT & COLLECTION, LLC,**

     **Defendants.**

_____

**APPEARANCES:**    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Richard L. DiMaggio  RICHARD L. DiMAGGIO, JR., ESQ.
6 Berkley Road
Glenville, New York 12302

**FOR THE DEFENDANTS:**
No Appearance

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

In this suit brought pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, plaintiff Larry Overcash moves for a

default judgment against defendants United Abstract Group, Inc. ("United

Abstract") and American Credit & Collection, LLC ("American Credit").  For

the reasons that follow, the court grants the requested default judgment.

## II.  Facts[1]

Overcash commenced this action on October 17, 2007, asserting

claims under the FDCPA and common law negligence.  (*See generally*

Compl.; Dkt. No. 1.)  The suit arose out of an allegedly delinquent credit

card account that Overcash maintained with Chase Bank USA, NA

("Chase").  In 2002, Chase sold the debt–at that time, worth $1,353.15–to

United Abstract, a debt collection agency.  Subsequently, for reasons that

are left unexplained, United Abstract issued a letter to Overcash indicating

that the debt was paid in full.  In spite of this representation, the debt was

sold and resold several more times until it landed in the hands of American

Credit.  American Credit then issued a letter to Overcash demanding

repayment not in the original amount of $1,353.15, but rather in the amount

of $41,701.58.  Additionally, American Credit took action resulting in the

debt of $41,701.58 being reflected on Overcash's credit report.  On the

basis of the misrepresentations of United Abstract and American Credit, as

---

[1]The court accepts as true the factual allegations in the Complaint, except those
relating to damages.  *See Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981).

well as their false and deceptive debt collection practices, Overcash seeks

statutory damages, costs, and attorney's fees.

When United Abstract and American Credit failed to respond to the

Complaint, Overcash filed requests for an entry of default against both

parties.  (Dkt. Nos. 5, 7.)  On November 26, 2007, the Clerk entered the

requested defaults as to United Abstract and American Credit.  (Dkt. No.

8.)  Overcash now moves for a default judgment awarding him: (1)

statutory damages of $2,000; (2) attorney's fees of $2,750; and (3) costs of

$405.  (*See* Dkt. No. 9.)

## III.  Discussion

## A.    Liability

The entry of a default judgment under Rule 55(b)(2) of the Federal

Rules of Civil Procedure is committed to the sound discretion of the court.

*See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993).  In

determining whether a default judgment is warranted, the court may

consider a variety of factors, including, *inter alia,* the amount of money

involved, whether the default is largely technical, whether the grounds for

default are clearly established, and whether the default was caused by a

good faith mistake or excusable neglect.  *See* 10A CHARLES ALAN WRIGHT,

ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §

2685 (3d ed. 1998); *Peryea v. Carter's Trucking & Blacktopping, Inc.,* No.

97-cv-461, 1998 WL 743713, at *1 (N.D.N.Y. Oct. 15, 1998) (applying

factors).  In this case, each of the above-referenced factors militates in

favor of the entry of a default judgment.  The amount of money at stake is

small, the default is clearly-established and is more than a technicality,

and, in light of the defendants' failure to make any appearance in this

action in spite of ample notice, the default is not the result of excusable

neglect.  Thus, the entry of a default judgment is appropriate.

It is well settled that "a party's default is deemed to constitute a

concession of all well pleaded allegations of liability."  *Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.

1992); *see Transatlantic Marine Claims Agency, Inc. v. ACE Shipping*

*Corp.,* 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning

that a default judgment deems all the well-pleaded allegations in the

pleadings to be admitted.").  Accordingly, the court deems the following to

be conceded: (1) that the defendants are "debt collectors" as that term is

used in the FDCPA; (2) that United Abstract misrepresented the status of

Overcash's debt in violation of 15 U.S.C. § 1692e(2) when it issued a letter

indicating the debt was paid in full; (3) that United Abstract misrepresented the status of the debt again when it resold the account; (4) that American Credit placed information on Overcash's credit report that it knew or should have known was inaccurate in violation of 15 U.S.C. § 1692e(8); (5) that American Credit attempted to collect an inappropriate and excessive fee in violation of 15 U.S.C. § 1692e; and (6) that defendants used false and deceptive means to collect on a debt in violation of 15 U.S.C. § 1692e(10).

## B.      Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup,* 973 F.2d at 158.  Therefore, even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999).  To award damages, it is not necessary for a court to hold a hearing; instead, a court may rely upon affidavits and documentary evidence.  *See Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1991) (Rule 55(b)(2) "allows but does not

require the district judge to conduct a hearing.").

### 1.   Statutory Damages

The FDCPA provides that, in addition to actual damages (which

Overcash does not seek), "any debt collector who fails to comply with any

provision of this subchapter with respect to any person is liable to such

person in an amount equal to . . . such additional damages as the court

may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a).  "The

decision on whether to award 'additional damages' and on the size of any

such award is committed to the sound discretion of the district court."

*Clomon v. Jackson,* 988 F.2d 1314, 1322 (2d Cir. 1993).  In exercising this

discretion, the court should consider "the frequency and persistence of

noncompliance by the debt collector, the nature of such noncompliance,

the extent to which such noncompliance was intentional, and other relevant

factors . . . ."  *Id.* (citing 15 U.S.C. § 1692k(b)).

In this case, each defendant violated the FDCPA on more than one

occasion.  Additionally, although there is no evidence of intent, the nature

of the defendants' noncompliance is relatively egregious; United Abstract

sold a debt which had already been repaid, and American Credit attempted

to recover in excess of $41,000 on a debt originally worth only $1,353.15.

6

Accordingly, in consideration of the frequency and nature of the

noncompliance, the court awards the full amount of "additional damages"

available under the statute: $1,000 per defendant.

At least one court has held that the FDCPA limits the total recovery of

additional damages to $1,000.  *See Dowling v. Kucker Kraus & Bruh, LLP,*

No. 99-cv-11958, 2005 WL 1337442, at *3 n 3 (S.D.N.Y. Jun. 6, 2005).  By

its terms, however, the statute does not impose such a limitation.  The

statute provides, in part, that "any debt collector . . . is liable" for additional

damages not to exceed $1,000.  15 U.S.C. §1692k(a).  In other words, the

limitation that the statute imposes is cast not in terms of the plaintiff's

recovery, but in terms of the defendant's liability.  Thus, in the case of

multiple defendants, each may be liable for additional damages of up to

$1,000.  *See Ganske v. Checkrite, Ltd.,* No. 96-cv-0541, 1997 WL

33810208, at *5 (W.D. Wis. Jan. 6, 1997).  As a corollary to this, United

Abstract and American Credit are not jointly and severally liable for the full

$2,000 in additional damages that the court imposes; rather, each is

individually liable for $1,000 in additional damages.

### 2.     Attorney's Fees and Costs

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to

the costs of her FDCPA action, as well as a reasonable attorney's fee. *See*

*Jacobson v. Healthcare Fin. Servs., Inc.*, No. 06-cv-3147, 2008 WL

383060, at *8 (2d Cir. Feb. 14, 2008) ("The FDCPA provides for fee-shifting

as a matter of course to successful plaintiffs . . . .") (publication pending).

In determining an appropriate attorney's fee, courts within the Second

Circuit apply the "presumptively reasonable fee analysis." *Porzig v.*

*Dresdner, Kleinwort, Benson, North America LLC,* 497 F.3d 133, 141 (2d

Cir. 2007).  This analysis "involves determining the reasonable hourly rate

for each attorney and the reasonable number of hours expended, and

multiplying the two figures together to obtain the presumptively reasonable

fee award."  *Id.* (citations omitted).

    Overcash seeks attorney's fees for 11 hours of work at a rate of $250

per hour.  The requested hourly rate is reasonable, and is in line with

approved rates in other recent FDCPA cases.  *See Baruch v. Healthcare*

*Receivable Mgmt., Inc.,* No. 05-cv-5392, 2007 WL 3232090, at *5

(E.D.N.Y. Oct. 30, 2007) ($350 per hour); *Fontana v. C. Barry & Assocs.,*

*LLC,* No. 06-cv-359, 2007 WL 2580490, at *3 (W.D.N.Y. Sept. 4, 2007)

($200 per hour); *Mahon v. GC Servs. Ltd. P'Ship,* No. 07-cv-44, 2007 WL

1879697, at *2 (W.D.N.Y. Jun. 28, 2007) ($200 per hour); *Dowling v.*

*Kucker Kraus & Bruh, LLP,* No. 99-cv-11958*,* 2005 WL 1337442, at *8 (S.D.N.Y. Jun. 6, 2005) ($200 per hour); *Pinkham v. Prof'l Claims Bureau, Inc.,* 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) ($250 per hour). Additionally, the hours expended were not excessive.  Accordingly, the court awards the requested attorney's fees, in a total amount of $2,750. Additionally, Overcash is awarded costs of $405.  United Abstract and American Credit are jointly and severally liable for these fees and costs.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Overcash's Motion for Judgment (Dkt. No. 9) is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Overcash and against United Abstract and American Credit in the amount of $5,155, which amount consists of attorney's fees and costs totaling $3,155 for which the defendants are jointly and severally liable, and statutory damages of $1,000 per defendant; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 10, 2008

Gary L. Sharpe
U.S. District Judge